**Thomas L. BOW, et al., Appellants,**

v.

**Aloysius J. MALLINGER, et al., Respondents.**

**No. C8–84–353.**

Court of Appeals of Minnesota.

Aug. 21, 1984.

Larry M. Wertheim, Holmes & Graven, Chartered, Minneapolis, for appellants.

Charles E. Olson, Speeter, Johnson, Hautman & Olson, Minneapolis, for respondents.

Heard, considered, and decided by LANSING, P.J., and WOZNIAK, and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

The Bows appeal from the denial of their motion for summary judgment that resulted in an order to dismiss their complaint against the Breen estate with prejudice. The complaint alleged that the Breen estate charged a usurious rate on its contract for deed with the Bows. We affirm.

### FACTS

On May 12, 1980, the Bows purchased a house on a contract for deed from the Breen estate. The contract for deed provided for the payment of $41,500.00 at 10% interest per annum in monthly installments until May 12, 1982, at which time the entire balance became due. The contract contained a one-year extension in the event that financing was unavailable to any qualified buyer.

Shortly before May 12, 1982, the parties became involved in disputes regarding the extension provision and the application of the proceeds of fire insurance to be paid as the result of a fire on the premises. It became apparent that the Bows could not pay off the contract for deed so that cancellation was imminent.

On April 12, 1982, the parties entered a new contract for deed with an interest rate of 17 1/4% that was expressly intended to

satisfy fully all rights and obligations under the contract of May 12, 1980. At the time, 17 1/4% was the maximum interest rate that could be charged on new contracts for deed under Minnesota usury laws.

Thereafter, Bows brought an action contending that the original 10% interest rate ought to apply to the refinancing. Their motion for summary judgment on this issue was denied, resulting in a dismissal of their complaint.

## ISSUE

Was the 17 1/4% interest rate for the new contract for deed usurious under Minnesota Statutes Section 47.20(4a)(4) (1982)?

## ANALYSIS

■ Each month the Minnesota Commissioner of Banking sets the maximum allowable rate that a contract vendor may charge a vendee. Minn.Stat. § 47.20(4a) (1982). Prior to June 9, 1983, the set rate on a particular contract for deed could not be increased for the term of performance. Minn.Stat. § 47.20(4a)(3) (1982) (amended 1983). The Bows contend that, by refinancing the contract for deed in April 1982, the parties, in effect, merely extended the term of performance and were required to perpetuate the same 10% interest rate as on the April 1980 contract. They rely on the following statutory language:

> The refinancing of ... a contract for deed by making a conventional ... loan is deemed to be a new conventional ... loan for purposes of determining the maximum lawful rate of interest under this subdivision.

Minn.Stat. § 47.20(4a)(4) (1982) (amended 1983). This statute explicitly allows a new rate to be set for a contract for deed if the refinancing is accomplished by a mortgage. Conversely, the Bows maintain, refinancing a contract by executing another contract for deed is not deemed a new loan under the statute. The old statutory language is silent on this particular issue. A recent amendment, however, addresses the issue squarely by adding this language:

> The renegotiation of a ... contract for deed is deemed to be a new loan or contract for deed ... for purposes of determining the maximum lawful rate of interest under this subdivision.

Minn.Stat. § 47.20(4a)(4) (Supp.1983). This language became effective after the April 12, 1982, renegotiation. We interpret the change as clarifying the statute rather than as increasing its scope. Simply put, no policy reason justifies distinguishing between refinancing by mortgage and by contract for deed. A usurious rate in one instance would be as usurious in the other. Therefore, logic and customary usage dictate that a refinancing by either method be treated alike, even under the version of the statute that applies to the Bows' contract for deed. To hold otherwise would lead to unreasonable results, which must be avoided in statutory interpretation. Minn.Stat. § 645.17(1) (1982).

## DECISION

■ A contract for deed may be refinanced by a contract for deed at a higher interest rate without being usurious under Minnesota Statutes Section 47.20(4a)(4) (1982).

We affirm.